**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| MICHAEL DARNELL OLIVER, | ) | |
| | ) | |
| Petitioner, | ) | CASE NO. 2:24-cv-273-RAH-JTA |
| | ) | |
| v. | ) | |
| | ) | |
| TERRY RAYBON, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Michael Darnell Oliver, an Alabama inmate proceeding *pro se*, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his twenty-year sentence imposed in 2010 by the Circuit Court of Montgomery County, Alabama, following his guilty plea to second-degree assault. Respondents have answered, asserting that the petition is barred by the one-year period of limitation in 28 U.S.C. § 2244(d) and is unexhausted. Oliver has replied. Upon review of the pleadings and the state-court record, the Court concludes that the petition is untimely and without merit. The petition therefore will be denied.

## BACKGROUND

### A. The conviction and sentence

In August 2010, a Montgomery County grand jury indicted Oliver for second-degree assault and first-degree burglary. On October 23, 2010, Oliver pleaded guilty to the assault charge, and the State agreed to *nolle pros* the burglary charge. On November 18, 2010, the trial court sentenced Oliver to twenty years' imprisonment. Oliver did not file a direct appeal.

### B. State collateral review

Oliver filed a petition under Rule 32 of the Alabama Rules of Criminal Procedure on or about May 10, 2011, which was denied by the state trial court. Oliver appealed, and the Alabama Court of Criminal Appeals (ACCA) remanded for an evidentiary hearing on two questions: (1) whether Oliver received the benefit of a plea bargain, and (2) whether his trial counsel was ineffective for failing to ensure that Oliver was sentenced in accordance with his plea bargain or for failing to disclose favorable information to him. After two evidentiary hearings, on January 8, 2013, the trial court denied his petition, finding that there was a plea bargain, the plea bargain was followed, Oliver was sentenced in accordance with it, that trial counsel performed effectively, and that no favorable evidence was concealed. (Doc. 13 at 21–22.)

### C. Parole proceedings and later state filings

The Alabama Bureau of Pardons and Paroles denied Oliver parole on September 21, 2022, and set his next consideration for September 2027. On February 22, 2024, the Bureau declined to process Oliver's application for early parole consideration, citing several disqualifying factors. (Doc. 13 at 25–27.) In 2023, Oliver filed a "Petition for Reconsideration of Sentence/for Re-Sentencing" in the Circuit Court of Montgomery County, Alabama, which was dismissed in 2024. (Doc. 34 at 4–5.)

### D. This action

Oliver commenced this federal action in 2024 and, as directed by the Court, filed the operative amended petition on the form prescribed for petitions under 28 U.S.C. § 2254. (Doc. 13.) The Clerk of Court docketed the amended petition on December 13, 2024. Oliver represents that he placed it in the prison mailing system on December 6, 2024. Liberally construed, the amended petition asserts three grounds for relief: (1) that "newly discovered" material facts—principally Oliver's

contention that the Habitual Felony Offender Act, under which he was sentenced, was "abolished" as to convictions from 1980 to 2013 by "Senate Bill 382" and by the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015)—require that his sentence be vacated and that he be resentenced under Alabama's current sentencing standards; (2) that counsel rendered ineffective assistance in connection with his guilty plea and sentencing; and (3) that he was denied a direct appeal through no fault of his own. In his reply and supplement, Oliver further contends that his enhanced sentence violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and that the Alabama Bureau of Pardons and Paroles wrongly denied him early parole. (Docs. 31, 34.) Oliver asks the Court to order his release and resentencing.

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on applications for habeas relief under § 2254. 28 U.S.C. § 2244(d)(1). The limitation period ordinarily runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," § 2244(d)(1)(A), and is tolled while "a properly filed application for State post-conviction or other collateral review" is pending, § 2244(d)(2).

The record reflects no direct appeal from Oliver's 2010 guilty-plea conviction. His judgment therefore became final, at the latest, when the forty-two-day period for seeking a direct appeal expired in early 2011. *See* Ala. R. App. P. 4(b)(1). The limitation period was tolled under § 2244(d)(2) during the pendency of Oliver's Rule 32 proceeding, which began on or about May 10, 2011, and concluded with the disposition of his Rule 32 appeal following the January 8, 2013, order on remand. Even crediting Oliver with the full benefit of statutory tolling, the one-year limitation period expired no later than 2014. He did not file this federal petition until December

2024—more than a decade too late. The petition is untimely under § 2244(d)(1)(A). And even if the conviction were treated as becoming final only upon the conclusion of the Rule 32 proceedings, the petition would remain untimely by several years. And that Oliver filed numerous successive Rule 32 petitions, does not serve to extend or revive the period in which to file this proceeding. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas deadline does not revive it."); *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) ("While a Rule 32 petition is a tolling motion under § 2244(d)(2), it cannot toll the one-year limitations period if that period has expired prior to filing the Rule 32 petition."); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("A state application filed after expiration of the limitations period does not relate back so as to toll idle periods preceding the filing of the federal petition . . . While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.").

Oliver's reliance on *Johnson* and on later state legislation does not supply a delayed accrual date under § 2244(d)(1)(C) or (D). Under § 2244(d)(1)(C), the period may run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Oliver invokes *Johnson v. United States*, which held the residual clause of the federal Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. 576 U.S. at 597, 606; *see also Welch v. United States*, 578 U.S. 120, 130 (2016) (holding *Johnson* retroactive).

But *Johnson* affords no relief for two independent reasons. First, even measured from the date *Johnson* was decided—June 26, 2015—a petition filed in December 2024 is more than nine years late. Second, and more fundamentally, *Johnson* construed a clause of the *federal* Armed Career Criminal Act. It has nothing

to say about Alabama's Habitual Felony Offender Act (HFOA), which enhances a sentence based on the fact of prior felony convictions rather than on any vague "residual" definition of a violent felony. *Johnson* thus recognized no right that bears on Oliver's state sentence.

Oliver's related invocation of *Apprendi v. New Jersey* fails for the same threshold reason—it was decided in 2000, far outside the limitation period. And in any event, *Apprendi* does not reach the fact of a prior conviction used to enhance a sentence. *See Apprendi*, 530 U.S. at 490; *Almendarez-Torres v. United States*, 523 U.S. 224, 239–47 (1998).

Under § 2244(d)(1)(D), the period may run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Oliver characterizes the purported "abolition" of the HFOA and the 2022 and 2024 parole decisions as "newly discovered facts." That characterization is mistaken. A change—or a claimed change—in the governing law is not a "factual predicate" within the meaning of § 2244(d)(1)(D). The subsection is keyed to newly discoverable *facts*, not to legislative or judicial developments or new legal theories. *See, e.g., Ikeaka v. Secretary, DOC*, No. 2:14-cv-513-FtM-29MRM, 2015 WL 4887640, at *3 (M.D. Fla. Aug. 17, 2015) (collecting cases).

Moreover, the premise is incorrect. Alabama has not abolished the HFOA. The statute remains in force, having been amended in 2000 to afford sentencing courts greater discretion, and Alabama's later Presumptive and Voluntary Sentencing Standards operate prospectively and, by their terms, reach only specified non-violent offenses. *See Putnam v. Patterson*, No. 1:11-cv-965-WHA, 2014 WL 5486336, at *2–3 (M.D. Ala. Oct. 29, 2014) (explaining the 2000 amendments to the HFOA). The narrow "second-look" measures the Alabama Legislature has considered extend, at most, a discretionary opportunity for sentence review to a

limited class of inmates serving life or life-without-parole sentences imposed before May 26, 2000, for offenses involving no physical injury and no firearm—a class that plainly does not include Oliver, who was sentenced in 2010 to a term of years for second-degree assault committed with a handgun. The parole decisions, for their part, are matters of post-conviction administration. They are not the factual predicate of any cognizable challenge to the validity of the 2010 judgment.

True, the limitation period is subject to equitable tolling, but only where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation omitted). Oliver identifies no extraordinary circumstance that prevented a timely filing, and a petitioner's *pro se* status, lack of legal training, and limited access to legal materials do not warrant equitable tolling. *See Manborde v. Att'y Gen. Fla.*, No. 24-10843, 2024 WL 6998656, at *2 (11th Cir. Aug. 7, 2024) (The plaintiff's "*pro se* status does not excuse the untimely filing.") (citing *Outler v. United States*, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007)); *Jackson v. McLaughlin*, No. 17-11474-B, 2017 WL 4844624, at *2 (11th Cir. July 12, 2017) ("[R]estricted access to a law library, lock-downs, and solitary confinement do not qualify as extraordinary circumstances to warrant equitable tolling.").[1] Nor has Oliver pursued his rights diligently, having allowed more than a decade to elapse after his Rule 32 proceedings concluded.

The actual-innocence gateway likewise does not assist him. That exception requires new reliable evidence showing that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin v. Perkins*, 569 U.S. 383, 386, 399 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Oliver pleaded guilty and offers no new evidence of factual

[1] While unpublished, these decisions are persuasive.

innocence. His claims attack the legality of his sentence, not his guilt of the offense. A claim of *legal* innocence does not open the actual-innocence gateway. *See McKay v. United States*, 657 F.3d 1190, 1196–99 (11th Cir. 2011). The petition is due to be dismissed as untimely.

## CERTIFICATE OF APPEALABILITY

A state prisoner must obtain a certificate of appealability before appealing the denial of a § 2254 petition. 28 U.S.C. § 2253(c)(1)(A). Where, as here, the petition is rejected on a procedural ground, a certificate may issue only if the petitioner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Oliver can make neither showing. Reasonable jurists would not debate that the petition is untimely or that the claims independently fail. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** as follows:

(1) The amended petition for writ of habeas corpus under 28 U.S.C. § 2254 (doc. 13) is **DENIED**;

(2) This action is **DISMISSED** with prejudice;

(3) Petitioner's *Motion for Default Judgement* (doc. 36) is **DENIED** as moot;

(4) A certificate of appealability is **DENIED**;

(5) A separate final judgment will be entered; and,

(6) The Clerk of Court is **DIRECTED** to close this case.

**DONE** and **ORDERED** on this the 31st day of August 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE